UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01180-JVS (ANx) | Date | September 20, 2011 |
| Title | Patrick Collins Inc. V. John Does 1-10 | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)   ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE AND INCORPORATED MEMORANDUM OF LAW
(fld 8-25-11)

Plaintiff Patrick Collins, Inc. ("Patrick Collins") moves pursuant to Federal Rule of Civil Procedure 26(d)(1) for an order granting it leave to serve third party subpoenas prior to a Rule 26(f) conference. The motion is unopposed. For the following reasons, the Court GRANTS the motion.

I.    Background

On or about May 26, 2011, Patrick Collins submitted an application for Copyright Registration for a motion picture entitled "Gangbanged" ("the Work"). (Compl. ¶¶ 11-12, Ex. B.) The Service Request Number for that application is 1-614552711. (Id.) This action arises out of the alleged direct and indirect copyright infringement of the Work by Defendants John Does 1-10 (collectively,
"Defendants"). Patrick Collins alleges that it only knows Defendants by their Internet Protocol ("IP") addresses and that only the Internet Service Provider ("ISP") for each IP Address can correlate the IP address with each Defendant's true identity. (Id. ¶¶ 8-9.)

Patrick Collins alleges that Defendants used BitTorrent to infringe its copyright in the Work. BitTorrent is a common peer-to-peer file-sharing protocol used for distributing large amounts of data. (Id. ¶ 13.) A BitTorrent Client is a software program that implements the BitTorrent protocol. (Id. ¶ 16.) Patrick Collins alleges that each Defendant installed a BitTorrent Client on his or her computer. (Id. ¶ 15.) It also alleges,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-01180-JVS (ANx)                      Date  September 20, 2011

Title  Patrick Collins Inc. V. John Does 1-10

on information and belief, that each Defendant went to a torrent website to upload and download the Work. (Id. ¶ 27.) Defendants participated in a "swarm" of peer-to-peer transmissions of pieces of the computer file, digitally interacting and communicating with other members of the swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and other types of transmissions. (Id. ¶¶ 30-32.) Once a peer – here, a Defendant – has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the motion picture. (Id. ¶ 34.) Once the peer has downloaded the full file, he or she also continues to distribute the torrent file – here, the Work – to others. (Id.)

Patrick Collins retained IPP, Limited ("IPP") to identify the IP addresses of the individuals using the BitTorrent protocol to reproduce, distribute, display, or perform the Work. (Id. ¶ 36.) IPP used forensic software and related technology to scan the peer-to-peer networks for the presence of infringing transactions. (Id. ¶ 37.) Using the data obtained, IPP determined the date and time that each IP address transmitted a full copy, or portion thereof, of the digital media file identified by the "Unique Hash Number" for the Work. (Id. ¶¶ 38-40; see also id., Ex. A.) IPP's agent analyzed the BitTorrent pieces distributed by each IP Address and verified that re-assemblage of the pieces using a BitTorrent Client produces a fully playable version of the Work. (Id. ¶ 41.)

Based on these factual allegations, Patrick Collins asserts causes of action against Defendants for direct copyright infringement in violation of 17 U.S.C. §§ 106(1-5) & 501 and contributory copyright infringement. Through this motion, Patrick Collins seeks an order granting it leave to serve third party subpoenas on the ISPs prior to a Rule 26(f) conference.

II.     Legal Standard

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-01180-JVS (ANx)                                         Date   September 20, 2011

Title   Patrick Collins Inc. V. John Does 1-10

III.   Discussion

      Although generally "discovery proceedings take place only after the defendant has been served . . . , in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578 (N.D. Cal. 1999). "In determining whether there is good cause to allow expedited discovery to identify anonymous Internet users named as Doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible." MCGIP, LLC v. Does 1-30, No. C11-03680 HRL, 2011 WL 3501720, at *2 (N.D. Cal. Aug. 10, 2011) (citing Seescandy.com, 185 F.R.D. at 578-80).

      The Court finds that Patrick Collins has demonstrated good cause for the expedited recovery sought in this motion.

      First, Patrick Collins has identified Defendants with sufficient specificity. It has identified each allegedly infringing Defendant by his or her IP address. (See Fieser Decl., Ex. B.) IP addresses are unique numerical identifiers automatically assigned to an internet user by the user's ISP. (Id. ¶ 7.) The ISP assigned to a particular IP address can correlate the IP address to a real person, the subscriber of the Internet service. (Id. ¶ 8.) Although ISPs sometimes assign different IP addresses to an internet subscriber, the ISP can determine which subscriber engaged in the allegedly infringing activity by cross-referencing the IP address with the date and time of the allegedly infringing activity. (Id. ¶¶ 10, 23.) Patrick Collins has provided the date and time of the allegedly infringing "hits" and the corresponding ISPs for each IP address. (See id., Ex. B.) It has traced each IP address to a physical address located in this District (Compl. ¶ 4) and has listed the city for each IP address (see Feiser Decl., Ex. B). Thus, Patrick Collins has provided sufficient information for the Court to determine that Defendants are real persons that can be sued in federal court.

      Second, Patrick Collins has identified the previous steps it has taken to locate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-01180-JVS (ANx) | Date | September 20, 2011 |
|---|---|---|---|
| Title | Patrick Collins Inc. V. John Does 1-10 | | |

Defendants. It has hired a company that uses forensic software to determine which IP addresses were involved in reproducing, distributing, displaying, or performing the Work. (Id. ¶¶ 14, 20.) The company's agent compared the digital media file identified by the Unique Hash Value with the Work and believes that they are identical, strikingly similar, or substantially similar. (Id. ¶ 22.) Patrick Collins has therefore taken reasonable steps to ensure that the Internet subscriber for each IP address listed in Exhibit B of the Fieser Declaration engaged in the allegedly infringing conduct. Only the ISP assigned to a particular IP address can determine the true identity of the subscriber for that IP address. (Id. ¶ 9.) Patrick Collins has determined the ISP for each allegedly infringing IP address and has also determined the date and time of the allegedly infringing hit for each IP address. (Id., Ex. B.) Based on this information, the ISPs would be able to identify the name and contact information for the subscriber of the IP address. (Id. ¶ 23.) Patrick Collins, however, cannot ascertain the identities of the subscribers without obtaining the identifying information from the ISPs. (See id. ¶ 9.) Thus, the Court is satisfied that Patrick Collins has taken all steps reasonably available to ascertain Defendants' identities.

Third, Patrick Collins adequately alleges a claim for copyright infringement. "A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting Fiest Pubs., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Generally, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "[R]eceipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010). Patrick Collins has not attached a copy of the Copyright Registration or specifically alleged that the Copyright Office approved the copyright application. However, Patrick Collins does allege that it submitted an application for copyright registration of the Work. (Compl. ¶ 11, Ex. B.) It also alleges that it owns the Registration for the Work, which contains an original work of authorship. (Id. ¶ 46.) Thus, the Court concludes that, as a matter of pleading, Patrick Collins has adequately alleged the first element of a claim for copyright infringement, ownership of a valid copyright. It has also adequately alleged the second element of a claim for copyright infringement, copying of constituent elements of the work that are original. (See id. ¶ 47.) Defendants downloaded the Work from a torrent website and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01180-JVS (ANx) | Date | September 20, 2011 |
| Title | Patrick Collins Inc. V. John Does 1-10 | | |

transmitted pieces of the digital file in the peer-to-peer network such that the pieces would be reassembled via the BitTorrent Client once the Defendant downloaded the full file. (See id. ¶¶ 27, 30, 32, 34.) Once Defendants downloaded the full file, they continued to distribute the Work. (Id. ¶ 34.) These allegations are sufficient as a matter of pleading to demonstrate that Defendants copied original elements of the Work because, taking these allegations as true, Defendants downloaded and distributed – and thus, copied – the Work and the Work contained constituent elements that are original. Thus, the Complaint would be likely to survive a motion to dismiss because it pleads a cause of action for copyright infringement.

Finally, Patrick Collins has demonstrated a reasonable likelihood of being able to identify Defendants. The ISPs keep records of the unique IP addresses assigned to their subscribers. (Id. ¶¶ 7, 8.) As explained above, Patrick Collins has provided all of the information necessary for the ISPs to ascertain the name and contact information for the subscriber corresponding to each IP address identified by Defendants. (See id. ¶ 23, Ex. B.) Using this information, Patrick Collins will be able to determine the individual subscriber that corresponds to each IP address and serve those individuals as Defendants in this action. Thus, the Court is satisfied that there is a reasonable likelihood that through expedited discovery, Patrick Collins will be able to serve process on Defendants.

Patrick Collins has met its burden of demonstrating the presence of each of the four factors listed above. The Court therefore finds that Patrick Collins has demonstrated good cause for the requested expedited discovery.

The Court notes that some courts have described the formulation of the good cause standard differently. For example, one court explained that "[i]n Internet infringement cases, courts routinely find good cause to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). The Court finds good cause under this formulation of the good cause standard as well. As explained above, Patrick Collins makes a prima facie showing of infringement by adequately pleading a claim for copyright infringement. Patrick Collins also has demonstrated that there is no other way to identify Defendants because only the ISP for each IP address can determine the subscriber's identity (Compl. ¶¶ 9, 23) and it does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01180-JVS (ANx) | Date | September 20, 2011 |
| Title | Patrick Collins Inc. V. John Does 1-10 | | |

appear that any other mechanism for determining Defendants' identities is reasonably available. Finally, there is a risk that an ISP will destroy its logs prior to the Rule 26(f) conference because "many ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a limited amount of time." (Fieser Decl. ¶ 11.)

Without the information sought through the expedited discovery, Patrick Collins would not be able to obtain redress for its alleged injuries because it would not be able to ascertain the identities of the Defendants in this action. The Court therefore believes that the interest of justice favors allowing the expedited discovery because the need for the expedited discovery outweighs the prejudice to Defendants. Accordingly, Patrick Collins has demonstrated good cause for serving third party subpoenas on the ISPs prior to a Rule 26(f) conference.

IV.   Conclusion

For the foregoing reasons, the motion is GRANTED. The Court orders that Patrick Collins be permitted to serve Rule 45 subpoenas on Defendants' ISPs in advance of the Rule 26(f) conference and that the subpoenas may demand the true name, address, telephone number, e-mail address, and Media Access Control address of each Defendant.

The Court finds that oral argument would not be helpful in this matter and vacates the September 26, 2011 hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

IT IS SO ORDERED.

|  |  |  |  |
|---|---|---|---|
|  |  | 0 | : 00 |
|  | Initials of Preparer | kjt |  |